[Civ. No. 1094.    Third Appellate District.—August 13, 1913.]

W. T. WATSON, Respondent, v. COLUMBIA BASIN DEVELOPMENT COMPANY (a Corporation), Appellant.

TRIAL—CONTINUANCE BECAUSE WITNESS HAS BEEN MISINFORMED AND IS ABSENT.—A court does not abuse its discretion in refusing to postpone a trial on the ground that the defendant's principal witness has been misinformed as to the date of the trial, and his present whereabouts are unknown, if the only showing in support of the application for postponement is the affidavit of the defendant's attorney, which does not show that any effort has been made to have the witness correctly informed, or how or why he was misinformed, or what he will testify to if present, or that his testimony will be material, or that any effort has been made to secure his presence or to take his deposition, or that his presence can be secured if the trial is postponed.

ID.—AFFIDAVIT OF DILIGENCE—AVERMENT OF CONCLUSION INSTEAD OF FACTS.—It is not sufficient for the defendant to aver in his affidavit that he used due diligence, or that the witness in question is the only witness that the defendant has to support the denial of the claim of the plaintiff; facts should be set out from which the court may draw the conclusion that the defendant has brought himself within the reasonable requirement of the law.

JUDGMENT—VACATION FOR MISTAKE OR EXCUSABLE NEGLECT.—It is not an abuse of discretion for a trial judge to refuse to vacate a judgment on the ground that the defendant, the moving party, misunderstood the date of the trial and hence permitted his principal

witness to leave the state, if the defendant, in attempting to excuse his negligence, contents himself with the unqualified statement that he understood the case was set for August 12th, whereas it was set for July 12th, and there is no pretense that he was not positively and clearly informed by his attorney that the trial was to begin on the latter date.

Id.—Vacation of Judgment—Review on Appeal.—Before an appellate court is authorized to disturb an order made upon a motion to set aside a judgment under section 473 of the Code of Civil Procedure, it must clearly appear that the court making the order has abused the discretion committed to it; otherwise stated, that the order is without any evidence to sustain it.

Id.—Setting Aside Judgment—Province of Appellate Court.—When an appellate court is called upon to review the action of the trial court in refusing to vacate its judgment on the ground of mistake, inadvertence, or excusable neglect, the question is not whether the appellate tribunal would have set aside the judgment on the showing made if the motion had been addressed to it in the first instance, but whether the trial court abused its discretion in the action taken by it.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order refusing to set the judgment aside. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

W. P. Caubu, Rowan Hardin, and Stafford & Stafford, for Appellant.

J. C. Webster, for Respondent.

BURNETT, J.—This is an appeal from the judgment and also from an order denying a motion to set it aside.

There is no pretense of error as to anything occurring antecedent to the rendition of the judgment unless possibly in reference to the refusal of the court to postpone the time of trial. This circumstance, however, is properly reviewable and will be considered in the determination of the question whether the court abused its discretion in declining to set aside the judgment.

The judgment recites that "This cause came on regularly for trial on the 12th day of July, 1912, J. C. Webster, Esq., appearing as attorney for the plaintiff, and Rowan Hardin,

Esq., as attorney for the defendant. A trial by jury having been waived by the parties, the cause was tried by the court without a jury, and evidence oral and documentary having been adduced, the cause was argued by the respective counsel and submitted to the court for its decision,'' etc. Indeed, it is not disputed that the defendant was regularly served, that it appeared and answered, and, at the request of its attorney, the cause was set for said July 12 for trial. On said date, Mr. Hardin appeared as attorney for defendant and moved the court for a continuance of the trial to a date subsequent to July 27, 1912. The motion was supported by an affidavit of W. P. Caubu which, in its essential particulars, was as follows: ''That he is the attorney for defendant; that he has received notice of the trial of said action by telegram and letter from J. C. Webster, Esq., attorney for said plaintiff, fixing time of said trial for July 12, 1912, at 10 o'clock A. M. of said day. That on July 9, 1912, at 4 o'clock he was informed by Mr. Perry, president of said defendant corporation, while talking over the said action, that Mr. E. B. Condon, the principal witness in said action for defendant, was misinformed as to the date of trial of said action and had left the city and county of San Francisco for some place in the state of Nevada, to be gone for the period of about three weeks. That said E. B. Condon was the superintendent of said defendant during all the time mentioned in the complaint in the above entitled action; that E. B. Condon employed said plaintiff and entered into arrangements with him concerning the payment of services of said plaintiff. That he is the only witness said defendant has to support the denial of the claim of said plaintiff''; that affiant promptly requested of Mr. Webster a postponement of the trial but was informed by him ''that said plaintiff would proceed with the trial of said action. That affiant has used due diligence in the matter and was prepared to proceed with the trial of the cause until he learned that his principal witness had through inadvertence been misinformed of the date of trial and left the state to an address now unknown to your affiant. That it would be a great hardship for affiant and defendant to proceed with the trial of said action and would necessitate the fixing of another day for the hearing of the defense to said action and the traveling from San Francisco to Sonora a second time.''

There were some counter affidavits filed, but it is quite apparent that the showing on the part of appellant was too meager to justify the court in granting the motion. It did not appear that any effort had been made by defendant or its attorney, prior to the said July 9, to have the said Condon correctly informed of the time of said trial, or how or why he was misinformed as to said date; it did not appear what he would testify to if present or that his testimony was material or that any effort was made to secure his presence at the trial or to take his deposition, or that his presence would or could·be secured if the trial were postponed.

Of course, it was not sufficient for defendant to aver that it used due diligence or that Mr. Condon was "the only witness said defendant has to support its denial of the claim of said plaintiff." Facts should have been set out from which the court might draw the conclusion that defendant had brought itself within the reasonable requirement of the law as to a continuance of the time of trial.

There is, also, an additional reason contemplated by section 595 of the Code of Civil Procedure why the moving party should state the evidence which he expects to obtain and that is, that the adverse party may have the opportunity to admit that such evidence would be given and that it be considered as actually given on the trial with the consequent result that "the trial must not be postponed."

However, as we understand appellant's position, it is not seriously questioned that the court was justified in denying the application for postponement.

But, on the ninth day of August, 1912, defendant filed and served its notice of motion to set aside said judgment, specifying that said motion would be made on the ground that "the judgment was taken against said defendant through mistake, inadvertence and excusable neglect by the president of said defendant company."

This motion came on for hearing on October 21, 1912, and the vital circumstance relied upon was, as before, the misinformation of the witness Condon as to the time of trial. Affidavits were filed on behalf of defendant and counter affidavits for plaintiff. The particular "mistake, inadvertence and excusable neglect" of the president appears in his affidavit as follows: "That when the summons in the above entitled action

was served upon him as president of said defendant company, he employed W. P. Caubu as an attorney to represent said defendant in the trial of said action; that in due time said action came to issue and a time of trial named. That during the first week of July, 1912, as affiant remembers, he was informed by said attorney of the time of said trial; that as he understood the date, it was August 12th, 1912, and affiant so thought it to be of that date until the 9th day of July, 1912, when in a conversation had with said attorney, he learned of his error and that the trial of said case was to be had on the 12th day of July, 1912. That your affiant immediately sent out for Mr. Condon, who was the principal witness for said defendant in said action, realizing that he had informed said Condon that the date of the said trial was for August 12th, 1912.''

Then follow averments of an effort to induce Condon to attend the trial and as to what he would testify and that he was out of the state when the trial was had and of a meritorious defense.

There is no apparent reason why the same showing was not made by appellant on the motion for a postponement. It was at that time in possession of all the facts. If the attendance of the witness Condon were sincerely desired, ordinary prudence and common fairness would dictate that all the relevant circumstances should be laid before the court. If this had been done, it may be that the motion would have been granted. But appellant was content with filing the affidavit of its attorney which was more significant for what it did *not* than for what it *did* contain. The president, whose misunderstanding led to all the trouble, omitted to make an affidavit, and thus the court was left without direct evidence that even any misunderstanding existed, the said attorney's affidavit merely stating that he was informed by Mr. Perry that the latter misunderstood the date. The president was so indifferent that he did not even attend the trial, did not produce the books or records of the company and, in fact, no evidence seems to have been offered for the defendant.

It also appears, by the affidavit of one Carl C. Gross, used on the motion to set aside the judgment, that he had knowledge of the facts concerning which Condon was expected to testify and that even plaintiff had admitted to Gross that the

contract was as claimed by defendant.    But there is no excuse offered for the failure to have Gross testify at the trial.

It is thus to be seen that at the time when it should have been diligent and forthright appellant was inexcusably negligent or disingenuous.    It would not, therefore, be unjust if appellant were thereafter precluded from reaping any benefit as a consequence of a full showing of facts which should have been made at the first opportunity and hearing.

Aside from the foregoing, it is believed that the court did not abuse its discretion in denying the motion to set aside the judgment.

The rule is entirely familiar that ''before an appellate court is authorized to disturb an order made upon a motion to set aside a judgment under the provisions of section 473 of the Code of Civil Procedure, it must clearly appear that the court making the order has abused the discretion committed to it; otherwise stated, that the order is without any evidence to sustain it.''    (*Nicoll* v. *Weldon,* 130 Cal. 666, [63 Pac. 63] ; *Moore* v. *Thompson,* 138 Cal. 23, [70 Pac. 930].)

It is no doubt true, however, that the exercise of the discretion of the court ''ought to lend, in a reasonable degree at least, to bring about a judgment in the very merits of the case and, where the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application.''    (*Miller* v. *Carr,* 116 Cal. 381, [58 Am. St. Rep. 180, 48 Pac. 325].)

The disposition of appellate courts, in the premises, is correctly stated in *O'Brien* v. *Leach,* 139 Cal. 222, [96 Am. St. Rep. 105, 72 Pac. 1005], as follows: ''This court will usually sustain the action of the court below upon the same facts, whether that decision is for or against the motion; but it is much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when the judgment by default is allowed to stand, and it appears that a substantial defense could be made.''

In this case it cannot be said that the order was without any evidence to sustain it.    That the moving party was guilty of negligence was not questioned.    The burden was upon it to excuse or justify its failure to have its witnesses at the trial. The primary and essential element of its negligence consisted

in the misunderstanding of the president of the corporation as to the time of trial. But in the attempt to excuse his negligence he contents himself with the bald and unqualified statement that he understood the case was set for August 12. There is no pretense that he was not positively and clearly informed by the attorney for appellant that the trial was to begin on July 12. There is no claim that he was not informed in an audible tone of voice or that he was deaf or that his attention was diverted by some other circumstance. There is, indeed, the recital of no fact which would explain or excuse his failure to understand the statement of said attorney. The court might, therefore, justly conclude that his misunderstanding was the result of indifference or inattention and, hence, not excusable.

Besides, it must be said that the counter affidavits present a conflict as to the misunderstanding and the good faith of appellant, and the question was, therefore, one entirely for the trial judge.

The cases cited are uniform as to the rule that must prevail in applications for relief from a judgment taken by default. In most of them the order of the lower court was affirmed. The only controversy that could arise as to any of them is whether the established facts constitute *excusable* neglect. As to this, of course, no gauge or measure can be applied without being influenced somewhat by the personal equation. Two or three of the cases may be taken as typical of the list to which attention has been directed.

In *Bailey* v. *Taaffe*, 29 Cal. 423, an order setting aside a default was reversed, the supreme court holding that the neglect was not excusable, it having been urged that on account of the complicated condition of the defendant's title and from the fact that the complaint was verified more time was required to prepare the answer than in ordinary cases and that, during a portion of the time allowed for answering, the attorney employed to conduct the defense was compelled to be absent from town.

In *Coleman* v. *Rankin*, 37 Cal. 247, the defendant lost the summons that was served upon him and made no note of the date of service. He permitted default to be taken against him and the supreme court said: "The affidavit of the applicant, so far from disclosing a reasonable excuse for his neglect,

tends rather to disclose a degree of negligence, carelessness and lack of diligence hardly to be predicated of a prudent business man in a matter involving his *bona fide* claim of title to valuable real estate.''

In *Grady* v. *Donahoo,* 108 Cal. 211, [41 Pac. 41], neither the defendant nor his attorney knew that the case was set for trial and it did not appear that it had been neglected in any manner by defendant, ''but,'' as the supreme court said, ''they were proceeding to defend it in good faith and upon the merits, and had done all that they were called upon to do, so far as knowledge of the necessities had been conveyed to them.''

In *Miller* v. *Carr,* 116 Cal. 378 [58 Am. St. Rep. 180, 48 Pac. 324], there was a serious doubt as to when the summons was actually served, the plaintiff contending that service was made on June 24, but immediately after the service defendant noted on the summons the words: ''Served June 25, 1895''; and to the best of his knowledge and belief service was made on that day and he so informed his counsel. He was corroborated by the affidavit of his attorney and he appeared within time according to his belief as to the time of service, but on the day of his appearance, July 25, default was taken against him. The supreme court was clearly right in directing that the default be set aside.

In the case before us, defendant's president was not cautious enough, apparently, even to make any memorandum of the day set for the trial as he understood it, and no case has been cited like this where the moving party, after knowledge of his mistake, had full opportunity to move the court for a continuance of the time of trial.

In conclusion it may be said that defendant was not misled by any act of plaintiff, the record shows abundant evidence to support the conclusion of the court, we must assume that the trial judge was entirely satisfied that plaintiff's cause was just and we cannot hold, under the showing made, that there was any abuse of discretion in denying defendant's application.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 12, 1913, and the following opinion then rendered:

THE COURT.—Appellant's very earnest and impressive petition for a rehearing has received our careful consideration. It is believed, however, that appellant does not attach sufficient importance to the legal limitation to the action of appellate courts in proceedings of this kind. The question is not, of course, whether we would set aside the judgment on the showing made if the motion were addressed to us in the first instance, but we are called upon to determine only whether the trial court abused its discretion in the action taken by it. After a consideration anew of all the circumstances disclosed by the record we do not think it should be said that there was no other course within the sanction of the law open to the lower court than to grant appellant's motion.

We think the court, in other words, had the legal right to hold that appellant had not sufficiently excused its negligence to justify a retrial of the action.

The statement in the opinion that ''Besides, it must be said that the counter affidavits present a conflict as to the misunderstanding and the good faith of appellant,'' was deemed a reasonable inference from certain recitals in the counter affidavits, particularly in reference to the conversation of plaintiff with Mr. Perry on the first or second day of July and the promise to produce the books, pay-rolls, and records of the company, as set forth in the affidavit of F. L. Berry.

We do not undertake, of course, to say what weight should be accorded to the various affidavits nor do we question the veracity or good faith of Mr. Perry, but we do not think sufficient cause has been shown for us to interfere with the action of the lower court, and the petition is denied.