[No. 17870.    Department One.    July 6, 1923.]

AMELIA JESLOW, *Appellant*, v. MELVILLE W. DUNCAN
et al., *Respondents*.[1]

TRIAL (95)—INSTRUCTIONS—EXCLUDING EVIDENCE ON DISMISSAL OF
CO-PARTY. In an action against two brothers for an automobile
accident, in which one of them was dismissed as having nothing to
do with the car, plaintiff cannot assign error upon an instruction
to the jury to disregard evidence of admissions made by such brother
which was competent and admitted only as against him.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered July 5, 1922, upon the
verdict of a jury rendered in favor of the defendants,
in an action in tort. Affirmed.

*John F. Dore* and *J. Kalina*, for appellant.

*Chester & Pixley*, for respondents.

HOLCOMB, J.—This action was brought by appellant
against Melville W. Duncan and Richard Duncan. At
the conclusion of appellant's case, by agreement, Rich-
ard Duncan was dismissed from the case.

While appellant was upon the stand she testified to
a conversation she claimed to have had on the road to
the hospital, after the accident, with Richard Duncan,
who, at the time she testified, was a defendant in the
case, in which she claimed Richard Duncan made state-
ments to the effect that his brother, Melville W. Dun-
can, was a very reckless driver.

The testimony in the case undisputedly shows that
Richard Duncan had nothing to do with the car. It
was owned and being driven by Melville W. Duncan.
The testimony as to the conversation between appel-
lant and Richard Duncan was admitted by the trial
court solely upon the ground that it would bind Rich-

[1]Reported in 216 Pac. 868.

ard Duncan only. When the court came to instruct the jury, the jury were told to entirely disregard the conversation had with Richard Duncan, if they should find that it had in fact occurred.

Appellant admits that the case was one of fact for the jury, and the only error claimed is in the instruction of the court to disregard the conversation had by appellant with Richard Duncan. It is claimed that that testimony was never stricken and should have been considered by the jury.

The court's instruction was that a conversation between appellant and Richard Duncan on the way from the place of the accident, given in testimony by appellant, while Richard Duncan was still a party to the case, would be competent testimony against Richard Duncan if he were still a party; but that defendant Melville W. Duncan was not responsible for any conversation had between Richard Duncan and appellant after the accident had happened and the party had moved away from the scene of the accident, unless made in his presence.

The testimony was certainly incompetent as to respondents. It was admitted only as against Richard Duncan, and it went out of the case with him.

"In an action against two defendants, evidence may be admitted notwithstanding it is competent as against only one of them, but the court must admonish the jury against whom the evidence may not be considered." 10 R. C. L., 929.

"The entry of a discontinuance as to a particular party renders his admissions incompetent."

"Where the interest or liability of coparties is several, the admissions of one are not competent against the other." 22 C. J., 349.

See, also, *Singer v. Metz Co.*, 101 Wash. 67, 171 Pac. 1032; *Harry v. Northern Pac. R. Co.*, 105 Wash. 469, 178 Pac. 465.

There was no error in the instruction complained of. The judgment is affirmed.

MAIN, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.