[Civ. No. 7190. Second Appellate District, Division One.—March 1, 1932.]

CHARLES E. SMITH et al., Respondents, v. RAYMOND M. POLLARD, Appellant.

James Westervelt for Appellant.

Edgar K. Brown and Leo B. George for Respondents.

TAPPAAN, J., *pro tem.*—From a judgment in favor of plaintiff, defendant appeals. The accident, which is the basis of the action, occurred at the intersection of Union Street and Venice Boulevard in the city of Los Angeles. Plaintiff Bell, with plaintiff Smith as a passenger, was driving his automobile south upon Union Street, while defendant was driving in an easterly direction on Venice Boulevard. The two streets do not cross at right angles, but on the south side of Venice Boulevard, Union Street enters Venice Boulevard some thirty or forty feet to the west of where it enters on the north side of the boulevard. A traffic button is in the center of Venice Boulevard at a point in the middle of Union Street, where it enters from the south. Plaintiff Bell testified that he first saw defendant's automobile some sixty feet away as he was turning the button in the center of Venice Boulevard, and that the front wheels of his machine were at the south curb line of Venice Boulevard when defendant's automobile hit his automobile in the rear. Defendant's automobile was traveling at a fast rate of speed, thirty-five to forty miles per hour, being the testimony of plaintiffs' witnesses.

Appellant's first contention is, that plaintiff Bell was guilty of contributory negligence, and that such contributory negligence should be imputed to plaintiff Smith and bar his recovery as well as that of his coplaintiff. Appellant's theory, as advanced here, is that a driver who fails to yield the right of way to the driver of another vehicle approaching *simultaneously* from his right is guilty of negligence as a matter of law. Section 131 of the California Vehicle Act (Stats. 1925, p. 412), in force at the time of the accident, provided as follows: "When two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful speed." The record fails to sustain appellant's contention that this appeal presents a case of "simultaneous approach". The only evidence in the record

on this subject is that plaintiff's automobile was lawfully in the intersection and making the turn around the button when defendant's car was sixty feet away, and, if the trial court believed plaintiffs' witnesses, approaching the intersection at an unlawful rate of speed.

In the case of *Olsen* v. *J. J. Jacobs Motor Co.,* 99 Cal. App. 423 [278 Pac. 1051, 1052], where the facts were very similar to the present case, the court said (p. 427) : "As a matter of law the plaintiff had the right of way ; as a matter of law the plaintiff had a right to presume that the driver of the car belonging to the Motor Company would observe the law; as a matter of law the plaintiff had a right to enter the intersection at the time he did; as a matter of law the Motor Company's car was at all times being driven at an unlawful rate of speed and had no right to enter the intersection at the time it did. As a matter of fact, we think it was a question for the jury in this case to determine whether the plaintiff exercised such reasonable diligence for his own safety as the law requires one to exercise when so circumstanced, and if the jury, upon the facts which we have just recited, had reached the conclusion that the plaintiff was guilty of contributory negligence in not stopping his car and remaining without the intersection of the two streets until after the car driven by Brown had passed by, we would feel bound to uphold such verdict." In the case of *Donat* v. *Dillon,* 192 Cal. 426 [221 Pac. 193, 194], cited and quoted in *Olsen* v. *J. J. Jacobs Motor Co., supra,* the following language is used: "To the contrary, having observed Riddle's car approaching at an exceedingly fast rate of speed for that vicinity, the defendant was no longer entitled to rely upon the presumption that the driver of this machine would comply with the rules of the road, and he was bound to take such reasonable measures as he could, under the circumstances, to prevent the injury. It was, therefore, a question for the trial court to determine upon all the evidence and the reasonable deductions therefrom whether the defendant, after having seen the approaching machine, continued to exercise the care and prudence which a reasonable man would have exercised under the circumstances. And as we cannot say that the trial court reached an unreasonable conclusion, we are bound by its

finding of the ultimate fact which determined the proximate cause of plaintiff's injury.''

█ The statements of law above quoted are peculiarly applicable to the present case, and show that the question of the plaintiff's contributory negligence was a question of fact to be determined by the trial court. The trial court having found upon this issue for plaintiff, upon substantial evidence as disclosed by the record, its finding cannot be questioned upon appeal. What has been said herein as to contributory negligence, under the circumstances of this case, applies with equal force to appellant's contention as to plaintiff Smith, the passenger in the automobile driven by plaintiff Bell. █ Appellant's only other assignment of error is that the evidence does not justify the amount of the judgment awarded to the plaintiffs. An examination of the record discloses that there is ample evidence to sustain the finding of the court as to the damages awarded. As to the amount of the award, the trial court having found as to the facts, its finding is conclusive here unless the award can be deemed to be excessive in amount under the facts disclosed by the record. Such is not the fact here.

For the foregoing reasons the judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 29, 1932.