[L. A. No. 142.   Department One.—March 31, 1897.]

## JOHN O. MILLER, RESPONDENT, v. W. B. CARR, APPELLANT.

JUDGMENT BY DEFAULT—MOTION TO VACATE—MISTAKE IN DATE OF SERVICE —RELIEF REQUIRED TO BE GRANTED.—Where the sheriff's return of service of summons shows that it was served upon the twenty-fourth day of the month, and affidavits upon a motion to set aside a judgment, entered by default, disclose an affidavit of merits, and show that the defendant was under the impression and belief that the summons was served on the twenty-fifth day of the month, and had so noted a memorandum upon the copy served upon him, and so reported to his counsel, who for that reason served a demurrer and application for change of venue one day after the entry of the default, believing that the appearance was in time, such affidavits show such a mistake as is clearly within the provisions of section 473 of the Code of Civil Procedure, which permits the court to grant relief, and which the spirit of the code requires to be granted, and it is error not to grant such motion.

ID.—DISCRETION—DUTY OF COURT—JUDGMENT UPON MERITS—PROMOTION OF JUSTICE—LIMITS OF DISCRETION.—The exercise of the discretion of the court in passing upon an application to set aside a judgment by default upon the ground of mistake, accident, surprise, or excusable neglect, ought to tend in a reasonable degree to bring about a judgment on the very merits of the case, and, where the circumstances are such as to lead the court to hesitate, it is better, as a general rule, that the doubt should be resolved in favor of the application; nor is the discretion a mental one, to be exercised *ex gratia*, but a legal discretion to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not to impede or defeat, the ends of substantial justice; and, in a plain case, this discretion has no office to perform, but its exercise is limited to doubtful cases where an impartial mind hesitates.

APPEAL from a judgment of the Superior Court of Kern County and from an order refusing to vacate and set aside said judgment.   A. R. CONKLIN, Judge.

The facts are stated in the opinion.

*Edward J. McCutchen,* for Appellant.

A motion to set aside a default is addressed to the discretion of the trial court, but it is a sound legal discretion, and not a despotic or irresponsible power, to be wielded as fancy urges or whim suggests. (*Pearson* v. *Drobaz Fishing Co.,* 99 Cal. 425; *Malone* v. *Big Flat etc. Min. Co.,* 93 Cal. 384, 389; *Wolff* v. *Canadian Pac. Ry.,* 89 Cal. 332; *Buell* v. *Emerich,* 85 Cal. 116.) If any doubt rests in the mind of the court, it should be resolved in favor of the application and of a trial upon the merits. (*Pearson* v. *Drobaz Fishing Co., supra,* and the other cases above cited; Code Civ. Proc., secs. 4, 473; *Watson* v. *San Francisco etc. R. R. Co.,* 41 Cal. 17, 20.) The precedents established by the appellate court are uniformly in favor of the defendant. (*Howe* v. *Independence etc. Co.,* 29 Cal. 72; *Francis* v. *Cox,* 33 Cal. 323; *Santa Barbara Live Stock etc. Co.* v. *Thompson,* 46 Cal. 63; *Ryan* v. *Mooney,* 49 Cal. 33; *Stonesifer* v. *Kilburn,* 94 Cal. 33; *Reidy* v. *Scott,* 53 Cal. 69.)

*J. W. Mahon* and *R. J. Ashe,* for Respondent.

An order granting or denying a motion to set aside a default will not be disturbed upon appeal, unless in case of a gross abuse of discretion. (*Bailey* v. *Taaffe,* 29 Cal. 423; *Roland* v. *Kreyenhagen,* 18 Cal. 455; *Haight* v. *Green,* 19 Cal. 113; *Mulholland* v. *Heyneman,* 19 Cal. 605; *Coleman* v. *Rankin,* 37 Cal. 249; *Garner* v. *Erlanger,* 86 Cal. 60; *Williamson* v. *Cummings etc. Co.,* 95 Cal. 652.)

HAYNES, C.—This appeal is from a judgment by default, and from an order denying defendant's motion to vacate said judgment and default.

The action was commenced in the superior court of Kern county, June 20, 1895, and the summons was

served upon the defendant at the city and county of San
Francisco by the sheriff thereof on the twenty-fourth
day of the same month, as shown by the return of said
sheriff indorsed thereon.    On July 25th, the thirty-
first day after said service as shown by said return, de-
fendant's default and judgment thereon were entered by
the clerk.

Defendant promptly moved to set aside the judgment
and default upon the ground that they were taken
against him through his mistake in the date upon which
service of the summons was made upon him, and in
support of said motion two affidavits, one made by the
defendant and one by his attorney, were read, and in
opposition thereto plaintiff read the said return of said
sheriff.    No other evidence was offered or heard.

Defendant's affidavit shows that immediately after the
service of the summons upon him he noted thereon the
words "served June 25, 1895"; that to the best of his
knowledge and belief said summons was served upon
the 25th and not on the 24th; that if the service was
made on the 24th he was then and ever since has been,
mistaken as to the date of service; that he informed his
counsel that it was served on the 25th; that if he was
mistaken in the date his demurrer was filed and served
one day too late.    Said affidavit also contained a suffi-
cient affidavit of merits.

The affidavit of his attorney, Mr. McCutchen, shows
that the papers served upon defendant were handed to
him a few days after the service; that he was then in-
formed by defendant that the service was made on the
25th, and noticed defendant's memorandum thereof at
that time; that defendant informed him of the facts of
the case, and instructed him to move for a change of the
place of trial, and noted in his journal that July 25,
1895, was the last day to plead; that he prepared a de-
murrer and the motion papers, and mailed them to
Bakersfield, where, as appears by defendant's affidavit,
they were served and filed on the 25th of July.

We think the court erred in not granting defendant's

motion.  It is true the clerk was required to act upon the sheriff's return, but upon the hearing of this motion the court, upon its clearly appearing that the sheriff was in error as to the date, could have ordered the return to be amended in that particular, and in such case the default and judgment would have been set aside.

That, however, was not clearly shown, and the motion was therefore based upon the mistake of the defendant. It was not questioned that the defendant in good faith believed that the service was made on the 25th instead of the 24th, and that he therefore believed that his appearance was in time.  It was such a mistake as is clearly within the provisions of section 473 of the Code of Civil Procedure, which permits the court to grant relief, and which the spirit of the code requires to be granted.  Relief in such cases is said to be within the discretion of the court; but "the exercise of the mere discretion of the court ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case, and, where the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application." (*Watson* v. *San Francisco etc. R. R. Co.*, 41 Cal. 17; *Grady* v. *Donahoo*, 108 Cal. 211.)  "The code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice."  (Code Civ. Proc., sec. 4.)  In *Bailey* v. *Taaffe*, 29 Cal. 424, cited by respondent to the effect that such orders "rest very much in the discretion of the court below, and will not be disturbed by this court unless we are satisfied that the order is so plainly erroneous as to amount to an abuse of discretion," the court also said: "It is not a mental discretion to be exercised *ex gratia*, but a legal discretion to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not to impede or defeat, the ends of substantial justice.  In a plain case this dis-

cretion has no office to perform, and its exercise is limited to doubtful cases where an impartial mind hesitates."

The order refusing to set aside the judgment and default should be reversed.

SEARLS, C., and BELCHER, C. J., concurred.

For the reasons given in the foregoing opinion the order refusing to set aside the judgment and default is reversed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.