[Civ. No. 1138.   Third Appellate District.—August 13, 1913.]

CORDELIA WHITEHOUSE et al., Respondents, v. SAM-
UEL WHITEHOUSE, Appellant.

TRUST—TITLE TO PROPERTY TAKEN AS SECURITY FOR MONEY ADVANCED
TO PURCHASE.—Where one person loans money to others with which
to purchase real estate, and the title is taken in his name as security,
he holds it as a trustee and mortgagee, and they, upon payment of
the loan, are entitled to a conveyance from him.

ID.—ACTION TO COMPEL RECONVEYANCE—STATUTE OF LIMITATIONS.—An
action to compel such conveyance is not within section 339 of the
Code of Civil Procedure, which provides that actions on contracts
not founded on a written instrument must be commenced within two
years.

APPEAL from a judgment of the Superior Court of Yolo
County.   Wm. M. Finch, Judge presiding.

The facts are stated in the opinion of the court.

Welton J. Phillips, for Appellant.

Hurst & Hurst, for Respondents.

CHIPMAN, P. J.—The nature of the action fully appears
from the findings of fact by the court which follow quite
closely the averments of the complaint: "That, on March 5,
1905, plaintiff, Cordelia Whitehouse, purchased from Louise
Kramer and C. L. Kramer, for and on behalf of herself and
her coplaintiff, W. T. Whitehouse, for the sum of one hundred
dollars," lot 2 of block 9 in the town of Cacheville, Yolo
County, the property in question; that plaintiff, Cordelia,
"borrowed from defendant the sum of one hundred dollars
with which to make payment for said lot and that she paid
said one hundred dollars therefor to said C. L. Kramer and
Louise Kramer, that being the full purchase price of said lot;
that to secure the repayment to the said defendant of the said
sum of one hundred dollars so borrowed, the plaintiff, Cor-
delia Whitehouse, caused the said lot and premises to be con-
veyed to the said defendant, Samuel Whitehouse, by the said

vendors, and the said conveyance was duly executed and acknowledged and thereafter, to wit, on the 6th day of March, A. D. 1905, recorded in the office of the county recorder of said Yolo County''; that the said sum of one hundred dollars, so borrowed of defendant, has been repaid in full to said defendant; that after repayment of said sum to defendant plaintiffs requested of defendant the conveyance to them of said lot, ''but the defendant, though he often promised to do so, failed and neglected to make such conveyance, and on or about the 15th day of March, 1911, absolutely refused to convey the same to plaintiffs, and has ever since utterly refused to make such conveyance, or any conveyance to them, or either of them, and that he now retains the legal title to said premises and claims to own the same, in fraud and to the injury of said plaintiffs''; that plaintiffs have been, ever since the date of the purchase of said lot, to wit, March 4, 1905, in the sole and exclusive possession of the same, to the exclusion of all other persons.

As conclusion of law, the court found that defendant wrongfully holds the legal title to said lot; that his claim of ownership is a fraud on the plaintiffs, a cloud upon their title and a hindrance to their free use and enjoyment of the same, and plaintiffs are entitled to the relief demanded and that ''a commissioner should be appointed herein to make conveyance of said lot, under decree of this court, and all the right, title, and interest of the defendant therein to the plaintiffs absolutely, jointly, and in fee simple.'' A decree was accordingly entered. Defendant appeals from the judgment.

Defendant made specific denials in his answer and pleaded the statute of limitations—section 339 of the Code of Civil Procedure, and among the assignments of errors is the failure to find upon this latter averment. By this section actions on contracts not founded on a written instrument must be commenced within two years. The action is not one to which section 339 has any application, and the failure to find on this defense was not error. It appeared from the testimony that defendant was plaintiffs' son. Plaintiffs were residing on a lot in said town to which the lot in question was adjacent; the town authorities proposed to build a town hall thereon which was objectionable to plaintiffs and at their request the town authorities turned over their option to purchase this lot to

plaintiffs; not having the money required to make the purchase ($100), which was to be made for the benefit of both plaintiffs, plaintiff, mother of defendant, went to defendant, explained fully what she needed the money for and borrowed this amount; she paid it over to the owners of the lot and, agreeably to the understanding when she borrowed the money, the deed was taken in defendant's name as security for the repayment of the loan. The loan was subsequently paid, and plaintiffs then requested a conveyance from defendant which at first he did not refuse to make, saying he would attend to it, but later refused absolutely, claiming that the lot was purchased for himself. It appeared that plaintiffs went into possession of the lot and inclosed it with the lot on which they resided and remained in possession, paying the taxes levied thereon, except for one year, from the date of the deed to defendant, and were in possession at the trial of the action. When the defendant loaned the money to plaintiff, Cordelia, it became hers, and its payment to the owners of the lot was a payment of her own money as much so as if she had the money without borrowing it. It seems to us quite clear that defendant held the title as trustee and also, in a sense, as mortgagee, and that upon payment of the loan plaintiffs were entitled to a reconveyance to them of the title by defendant.

Section 853 of the Civil Code provides: "When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." The evidence is not without conflict. Defendant testified that he furnished the consideration, and that the purchase was made for him and properly, if his testimony had controlled, the deed was made to him, and there was no trust relation created and no mortgage. But there was testimony quite to the contrary upon which, and upon circumstances appearing, the court found that the consideration was paid by and for the plaintiffs and, although the deed was made to defendant in part as security, a trust nevertheless resulted "in favor of the person by or for whom such payment is made." And such a trust—by operation of law—may be created. (Civ. Code, sec. 853.) This trust was not repudiated until about March 15, 1911, and the action was commenced July 31, 1911. The argument that the indebtedness, not being in writing, was

barred after two years and likewise the remedy to enforce the lien, applies to a mortgagee seeking to foreclose. But this is not such a case. This is essentially the enforcement of a resulting trust and the statute of limitations invoked by defendant has no application.

It is contended that the findings in relation to the borrowing of the money, the purchase of the property for and on behalf of plaintiffs, and the subsequent payment of the loan, are inconsistent with the finding of possession of the premises. This finding (No. 7) was not intended as and in no view imports a finding of title by adverse possession. It was an undisputed fact in the case that plaintiffs went into possession of the lot immediately upon the purchase, but the fact has no special significance aside from its tendency in some degree to corroborate plaintiff's testimony as to the true meaning of the transaction. No claim of title by adverse possession was made and none was found upon and no finding thereon was necessary.

It is also urged that "the court erred in giving judgment for plaintiffs, in view of the statement from the bench: 'The testimony throughout is very conflicting, and it is difficult to tell which side is in the right.' " It is not unusual for trial courts to find it difficult to decide cases. Inasmuch as defendant has made the remarks a part of the record, it is but fair that all the remarks should appear. Said the court, at the conclusion of the testimony: "This is one of those unfortunate cases that should never have come into court, but, being here, must be decided. The testimony throughout is very conflicting, and it is difficult to tell which side is in the right. The plaintiffs have presented their case with the greater number of witnesses. The defendant himself does not appear to be very strong on one point. He admitted that plaintiffs have often asked him to deed them the property, and said that he had simply replied that he would attend to the lot. Judgment will be entered for plaintiffs." The testimony of plaintiffs was that defendant had often promised to convey the lot to them.

It seems to us that the learned trial judge was fully justified by the evidence in reaching the conclusion he did.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.