21 P.(2d) 80

KING v. McELROY.

McELROY v. KING.

Nos. 3832, 3864.

Supreme Court of New Mexico.

April 12, 1933.

Edward D. Tittmann, of Hillsboro, for appellant and plaintiff in error.

Joseph W. Hodges, of Silver City, for appellee and defendant in error.

BICKLEY, Justice.

The plaintiff in error, plaintiff below, sued defendant in error to quiet title to land.

On September 4, 1931, after trial, the district court announced its judgment for defendant on his cross-complaint and against plaintiff on his complaint. On September 5, 1931, attorney for defendant wrote to attorney for plaintiff inclosing a copy of the proposed judgment requesting that counsel examine same and advise him of any suggestions with reference thereto. Thereupon, counsel for plaintiff wrote to the trial judge advising him that the judgment was all right as to the form, "except that I would like to have the notice of appeal in open court and the granting thereof, cut out." This letter referred to motion to set this judgment aside, such motion being filed on September 10, 1931. This motion challenged the correctness of the court's decision. The judgment entitled "Final Judgment" was signed by the judge as of the date of its rendition, the 4th day of September, 1931, but was not entered in the clerk's office until September 25, 1931. The final judgment contains the following recital:

"To which findings, conclusions and judgment of the Court, the plaintiff, John T. McElroy, then and there excepted, and prays an appeal to the Supreme Court of New Mexico, which said appeal is hereby granted.

"The amount of the supersedeas bond herein is hereby fixed at the sum of $500.00."

On July 1, 1932, the defendant, Arthur King, filed in this court a "Motion to Docket and Affirm Judgment."

On July 8, 1932, counsel for plaintiff, John T. McElroy, filed a brief and sworn statement setting forth some of the facts heretofore recited and claiming in effect that no appeal had in fact been taken, and that the judgment was irregular in that it recited the taking of an appeal.

This court not being disposed to become triers of fact as to whether an appeal had in fact been taken, as recited in the judgment suggested to counsel that, if the judgment did not speak the truth, it would be appropriate to have the record corrected in the district court and declined to pass upon the motion to docket and affirm the judgment until informed in some satisfactory way what the facts were relative to such matter. On August 11, 1932, plaintiff filed in the district court a motion to set aside the judgment on the ground that said judgment was irregularly issued in that it recited an appeal taken in open court and allowance thereof praying that such recital be stricken out. On August 26, 1932, there was entered an order upon stipulation of the parties that said final judgment rendered on September 4, 1931, and entered on the 25th day of September, 1931, might be modified in the following particulars:

"By striking out the following words on the last page of said Judgment 'and prays an appeal to the Supreme Court of the State

of New Mexico, which appeal is hereby granted.' , And, 'The amount of the supersedeas bond herein is hereby fixed in the sum of $500.00.' The comma after the word 'excepted' being changed to a period.

"It is therefore, thereupon by the Court, considered, ordered, adjudged and decreed that the Final Judgment in the above entitled cause do be and the same is hereby modified in the manner hereinabove set out."

Thereafter on September 17, 1932, there was entered an order overruling the motion of September 10, 1931, "To Set Aside Judgment for Defendant." This was the motion directed to the correctness of the decision. This order recited that said motion was overruled: "On the grounds that Chapter 15, Laws of 1917, applied and that the motion was lost because it had not been acted upon within the time required by said statute, and also upon the merits in that the point raised by said motion, to the effect that the judgment under which the tax sale had taken place was not properly a judgment at all because the words 'judgment in rem' were written upon the tax roll in the office of the County Treasurer and not on the copy of the tax roll in the County Clerk's office, was not well taken."

No appeal was taken and no writ of error was applied for to review the action of the court in making either of said orders. On October 31, 1932, petition for writ of error was filed which recited:

"That on the 17th day of September, 1932, an order was entered in said cause modifying the judgment previously entered therein, which said order became a final judgment in said cause. That on the said date there was entered an order overruling a motion previously made to set aside said judgment on the ground that it appeared from the record and evidence in the cause, that the title on which defendant claimed ownership was invalid. * * *

"That the court below committed error in entering the said judgment as modified, and in proceedings prior thereto, and in overruling the motion of plaintiff, as above set out, all of which will appear more fully and completely from the transcript and record of this cause to be filed herein if this writ be granted."

A portion of this statement in the petition is inaccurate as it appears from the record that the order modifying the judgment was entered on August 26, 1932, and the order overruling "motion previously made to set aside said judgment, on the ground that it appeared from the record and evidence in the cause that the title on which defendant claimed ownership was invalid," while being submitted on the 26th day of August, 1932, was signed by the judge as of September 17, 1932, and entered on that day.

A writ of error was issued November 12, 1932. On December 14, 1932, defendant in error filed a motion to discharge the writ of error upon a number of grounds, those necessary to notice being thus stated in the brief in support thereof:

"(1) That it was incumbent upon the Plaintiff in Error to procure a decision of the trial court on his Motion to set the judgment aside within thirty (30) days from the date the same was filed, which was September 10, 1931, and therefore the Lower Court should have passed upon this Motion on or before October 11, 1931; that the failure of the trial court to so rule upon said Motion within thirty (30) days from the date of the filing of the same by the Plaintiff in Error, in effect, automatically overruled the same under the provisions of Section 105-801 of the 1929 Code, pages 1328-1329;"

"(7) That the amendment or modification of the Final Judgment of the District Court of Grant County, New Mexico, was nothing more than an amendment for the purpose of making said Final Judgment speak the truth and that it in no way effected said Final Judgment or disturbed the date thereof, nor did it effect the rights of the parties thereto. This is especially true when it is known that the plaintiff in Error himself was the cause of such amendment being made;

"(8) That the method pursued by the Plaintiff in Error was nothing in the world but an attempt to get the Final Judgment changed, so as to start the Statute of Limitations running anew and enable him to appeal or sue out a Writ of Error. * * *

" (9) That the Plaintiff in Error did not take an appeal or sue out a Writ of Error within the time prescribed by law; that in no event would the plaintiff in Error be entitled to an appeal or to sue out a Writ of Error, on account of the ruling of the court embodied in its Order entered on August 26, 1932, and on September 17, 1932, for the reason that the Plaintiff in Error did not object nor except to said rulings, or either of them, and is precluded from appealing or suing out a Writ of Error as to said Order:

"(10) That the Final Judgment rendered by the District Court of Grant County, New Mexico, on September 4, 1931, and entered on the Civil Docket thereof on the 25th day of September, 1931, is a Final Judgment in all respects, and that the Supreme Court has no right to review or to disturb said Final Judgment in any particular whatsoever."

It seems to be the theory of plaintiff in error that by the order modifying the judgment made and entered on August 26, 1932, striking out the recital that an appeal had been prayed and allowed, made the judgment a final judgment as of that date instead of its being a final judgment as of September 25, 1931, the date of its entry. This is an erroneous theory. In 3 C. J. Appeal & Error, § 1047, it is said: "The general rule as to the running of the statute of limitations holds good when a judgment is amended or modified in particulars not changing its character."

In the case at bar the modification of the judgment was by the procurement of the plaintiff in error and was decidedly favorable to him. Apparently it relieved him of the hazard of affirmance of the judgment upon the face of the record as it stood when the motion to docket and affirm was filed. It

was not modified in any feature material to the merits of the decision of the trial court. When modified, it stood with respect to what had been decided, just as it did before. All the questions he might now present for the reversal of the judgment by this court were available to him prior to the modification. The former judgment was not vacated or set aside, nor was a new final judgment rewritten or re-entered. Had that been done, plaintiff in error's point might possibly have been argued successfully. The statement of plaintiff in error in his petition, that the order modifying the judgment previously entered "became a final judgment in said cause," is untenable. It was at most a final order "affecting a substantial right made after the entry of final judgment." From which under section 2 of rule II of the Rules of Appellate Procedure, an appeal might be allowed by the district court and entertained by the Supreme Court, although it would be difficult to understand how the movant would have been aggrieved by an order made in his favor and by his procurement. So we hold that this motion to modify and the order thereon entered did not have the effect to change the time within which the appeal should have been taken, to wit, six months from the date of the entry of the final judgment on September 25, 1931.

█ In the petition for writ of error it is said that the court "committed error in entering the judgment as modified." We do not discover that any modified judgment was entered, or that the judgment as modified was re-entered. Again it is said in said petition that the court below "committed error * *.* in overruling the motion of the plaintiff, as above set out." If the plaintiff in error was properly here for a review of the final judgment, entered on September 25, 1931, he might perhaps secure a review of the court's ruling on the motion made after the entry of the final judgment. If he is too late for a review of the final judgment, then the only way in which a review could have been had of the court's ruling in denying said motion to set aside the judgment would have been to have appealed or sued out a writ of error under the provisions of section 2 of rule II of the Rules of Appellate Procedure providing for the allowance of appeals from final orders affecting a substantial right made after entry of final judgment. It is not contended by plaintiff in error that any effort has been made to review the court's action on such order since no appeal has been taken therefrom, or writ of error applied for, and the order having been made on September 17, 1932, the time for appealing or suing out a writ of error to review it expired within twenty days from the entry of said order.

There is another question presented by the record which we are required to dispose of.

█ Was the judgment (final in form) entered on September 25, 1931, a final judgment within the meaning of section 1 of rule II and rule IV of the Rules of Appellate Procedure, providing that appeals may be taken and writs of error issued "within six months from the entry of any final judgment," until

the motion to set aside the judgment filed September 10, 1931, was disposed of, and, if not, when was said motion disposed of, and what effect did a denial of the motion have upon the final judgment?

A portion of 1929 Comp. St. § 105-801 is as follows: "Final judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment; Provided, that if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof."

The time for taking an appeal does not begin to run until the judgment is entered. See D. M. Miller & Co. v. Slease et al., 30 N. M. 469, 238 P. 828, and same titled cause in 31 N. M. 52, 240 P. 811.

Under the statute now under consideration, the party aggrieved has thirty days to prepare and file a motion "directed against such judgment" after entry thereof. This time may be employed in preparation of such motion and for its presentation to the court. The court, after the filing of the motion, has thirty days to rule thereon.

Prior to the enactment of this section in its present form, upon entry of a final judgment in the district court, the court lost further jurisdiction with certain exceptions indicated by the section itself. See Norment v. First National Bank, 23 N. M. 198, 167 P. 731, 732. We there said that chapter 15, Laws 1917, which is the statute under consideration, was enacted at the instance of the bar association so as to "have the jurisdiction retained by the district court over judgments for a time after rendition, so that errors and injustice may be avoided." In Jones v. Page, 26 N. M. 441, 194 P. 883, 884, we said: "Upon the rendition of that final decree the same passed from the control of the court, except for the 30-day period of additional control specified by chapter 15, Laws of 1917."

The same statute which provided the additional control imposes the restrictions. See argument in Jordan v. Jordan, 29 N. M. 95, 218 P. 1035. A similar statute was under consideration of the Supreme Court of Montana in State v. District Court, 64 Mont. 181, 208 P. 952, 955, and its effect is thus described:

"The statute provides that 'if the court shall fail to decide the motion within said time,' that is, within 15 days after the same is submitted, 'the motion shall, at the expiration of said period, be deemed denied.' The word 'deemed,' as used in legislative expressions, has always been held to be equivalent to or synonymous with the words 'considered,' 'determined,' and 'adjudged.' Blanfus v. People, 69 N. Y. 107, 25 Am. Rep. 148 (citing Rich. Dict.); United States v. Doherty (D. C.) 27 F. 730 (citing Worcester's Dict.); Commonwealth v. Pratt, 132 Mass. 247. And

where something is by statute 'deemed' to have been done, it is to be treated as having been done. Leonard v. Grant (C. C.) 5 F. 11, 16; Wolten v. Gavin, 16 Q. B. 48, 81; Burrell Tp. v. Pittsburg Guardians, etc., 62 Pa. 472, 1 Am. Rep. 441; Thompson v. Cragg, 24 Tex. 582; Kerckhoff-Cuzner Mill & Lbr. Co. v. Olmstead, 85 Cal. 80, 24 P. 648. And when the Legislature says that if the district court shall fail to decide the motion for a new trial within 15 days after the same is submitted 'the motion shall, at the expiration of said period, be deemed denied,' it must be understood to mean that the motion is to be thereafter for all purposes taken and considered as denied. In legal effect, the failure of the court to decide it within 15 days is equivalent to a denial of it, and the motion is to be thereafter treated as denied by the court and all parties to the suit.

"The language of the statute is so clear and certain that the reasons for its enactment need not necessarily be considered; however, in this case they are so illuminating of the construction following from the clear language of the statute as to be properly adverted to. The section of the statute under consideration was enacted by the Seventeenth Legislative Assembly (section 8, c. 225, Session Laws 1921). Prior to its enactment there was no limit to the time a trial court might hold under consideration a motion for new trial. And it is common knowledge of this court and of the legal profession that there were sometimes vexatious, unwarranted, and unreasonable delays by trial courts in passing on such motions, and in order to expedite and speed up the practice, the state Legislature, upon the recommendation of the Montana State Bar Association, passed the present law. Its object and its effect in expediting the practice are both at once obvious. After the submission of the motion, it must be decided within 15 days or it is by operation of law denied. After the expiration of 15 days, the motion having been denied, there is nothing further the court can do; it having lost jurisdiction.

"Respondents contend that by the phrase 'shall * * * be deemed denied,' it was intended to leave it optional with the moving party whether he should consider the motion denied and appeal from the judgment, or permit the motion to remain under consideration by the court for so long a time as the court might desire to consider it. Such a construction or interpretation of the statute is not warranted either from the language employed or the history of the legislation. Such a construction would entirely ignore, not only the plain language of the statute, but also the very purpose and object of the legislative enactment."

This seems a reasonable interpretation as applied to our statute and we adopt it. We do not feel controlled in this case by the decision in Romero v. McIntosh, 19 N. M. 612, 145 P. 254. In the first place, the court seemed not satisfied with the rule laid down but felt constrained to follow Pearce v. Strickler, 9 N. M. 46, 49 P. 727, 728. It will be noted that the rule referred to in Pearce v.

Strickler provided that: "Every such motion [for new trial] shall be argued or submitted and determined during the term at which the case is tried, unless the court, for good cause, expressly continue it. A failure by the court to pass on or continue such motion during the same term at which the case has been tried shall be considered as a denial of the same, and no continuance of such motion shall be for a longer period than 30 days after the expiration of the term."

The analogy between that rule and the present section 105-801 is imperfect. The latter puts an absolute time limit on the granted jurisdiction to vacate a judgment. The former does not say that a failure to rule before the end of the time of continuance shall be considered a denial of the motion. Indeed the thirty-day continuance satisfied the first part of the rule and prevented the motion from being denied for failure to rule during the term. The question was as to the effect of the second part of the rule which provided that a continuance should not be for a longer period than thirty days beyond the term. The effect of the decision was merely to hold that provision directory; and it was influenced by the view, that, since the court had, by continuing the motion, entertained it, the rule should be strictly construed to prevent depriving a court of jurisdiction to decide a motion it was entertaining. In the case at bar, we have no such situation, and the reasoning does not apply.

In the second place, the assumption in Romero v. McIntosh that motions for new trial were authorized in nonjury cases is repudiated in Fullen v. Fullen, 21 N. M. 212, 153 P. 294, holding that upon the rendition and entry of judgment it was final in the sense that the same passes from the control of the court, and except for a default judgment (section 105-843, Comp. St. 1929) and an irregularly entered judgment (section 105-846, Comp. St. 1929) and except for such purposes as all courts always retain control over their judgments.

We hold that the motion directed against the judgment entered September 25, 1931, which motion was filed September 10, 1931, even if becoming effective only upon the date of subsequent entry of the judgment, was on October 26, 1931, through failure of the court to rule thereon prior thereto, in legal effect denied, and the motion should thereafter have been treated as denied by the court, and all parties to the suit. We further hold that section 105-801, Comp. St. 1929, and the proceedings thereunder respecting motions directed against the judgment and which result in a denial of the motion do not have the effect of suspending the operation of the judgment after the date of its entry, so far as the running of the six months from entry of final judgment limited for appeal or writ of error is concerned. In such case, the assault upon the judgment, final when entered being unsuccessful, the character of the judgment remains unaffected.

From all of the foregoing, we conclude that the motion to docket and affirm in No. 3832 must be denied, and that the motion to dis-

charge the writ of error and dismiss the petition for writ of error should be sustained and it is so ordered.

WATSON, C. J., and SADLER, HUD-SPETH, and ZINN, JJ., concur.