71 P.(2d) 686

**GARCIA et al. v. ANDERSON.**

No. 4221.

Supreme Court of New Mexico.

Sept. 3, 1937.

Bryan G. Johnson and Gino J. Matteucci, both of Albuquerque, for appellant.

J. Lewis Clark, of Estancia, for appellees.

BRICE, Justice.

This was an action on an account. At the close of appellees' (plaintiffs') testimony, the appellant (defendant) moved for judgment of dismissal because of failure of proof. The motion for judgment was sustained but not entered until seven days later, to wit, June 10, 1935. On June 8, 1935, and prior to the entry of the judgment, the appellees (plaintiffs) filed a motion to vacate the order of dismissal and reopen the case. This motion was not called up until October 14th, following; at which time it was overruled by the court upon the ground that the court had lost jurisdiction. Thereafter on November 20, 1935, a second motion to vacate the judgment was filed, upon the ground that it had been irregularly entered because the plaintiffs had filed a motion on June 8, 1935, seeking to vacate and set aside such judgment, and such motion was undisposed of at the time judgment was entered. This motion was sustained and an order vacating said judgment of dismissal was entered in March 9, 1936, from which order this appeal is taken.

The question is whether the judgment of dismissal entered on June 10, 1935, was irregularly entered.

In the recent case of Animas Consolidated Mines Co. v. Frazier, 41 N.M. 389, 69 P.(2d) 927, 928, the question was whether the filing and entry of a judgment signed before, but entered after, the answer was on file, was such an irregularity as would authorize the court to set it aside. We held: "The judgment in question did not become effective until one day after the filing of the answer and as, according to the Ortega Case, supra, its entry was irregular and the application to set it aside for irregularity should have been sustained unless some disposition was made of the answer."

The appellees, probably thinking the judgment had been entered, filed their motion before there was an effective judgment. If it is treated as directed against this particular judgment as intended by the movants, then the motion was overruled by operation of law, because not ruled upon within thirty days after it was filed. Section 105-801, St.1929. The regular procedure would have been to have awaited the filing of the judgment and then moved to set it aside, as the motion was without foundation and could not have been acted on until the entry of the judgment. Appellees created the situation by their own irregular proceedings. If at the request of appellees the court had timely acted on the motion without objection from appellant and have set aside the judgment, we would not have disturbed the ruling of the court because filed out of time. It was either ineffective because filed against a nonexistent judgment, or overruled by operation of law. In either case the court had no jurisdiction to set the judgment aside several months after its entry, as it was not irregularly entered.

The order of the district court setting aside the judgment for alleged irregularities was erroneous.

The cause will be reversed and remanded, with instructions to set aside the order vacating the judgment of dismissal, and let the cause stand dismissed.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.