Molton G. SMITH, Appellant,

v.

Walter T. STONE, Chief Division of Adult Paroles of the State of California, et al., Appellees.

No. 17686.

United States Court of Appeals
Ninth Circuit.

Sept. 7, 1962.

S. Carter McMorris, Sacramento, Cal., for appellant.

Stanley Mosk, Atty. Gen. of California, Gordon Ringer and Ernest E. Sanchez, Deputy Attys. Gen., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and HAMLIN, Circuit Judges.

BARNES, Circuit Judge.

Appellant filed suit below alleging a violation of his civil rights. One cause of action rested on Title 42 United States Code Annotated §§ 1985(2) and 1985(3); a second on Title 42 United States Code Annotated § 1983.

Appellant, a State prison parolee, was granted parole on March 8, 1958, after he had served thirty-seven months in State prison, after having been convicted

of selling narcotics, to-wit: heroin; a violation of § 11500 of the Health and Safety Code of the State of California. He was charged on the first two counts with sale of heroin on two different occasions, and on the third with possession of the narcotic. He was convicted on Counts I and II; found not guilty on Count III.

In appellant's complaint he alleged he was never a user of heroin. At the time of his arrest, he stated the "stuff" he had was for his personal use, according to the record before us. The cloudy liquid found to be heroin and the hypodermic needle, admitted by him to be in his room when the officers arrested him, were alleged to have belonged to a woman who shared the room. Because of appellant's claim he never had used narcotics, he alleged it was unconstitutional to force him, during his period of parole, to undergo "Nalline Tests," prescribed under § 11722 of the Health and Safety Code of the State of California, which provides, alleges appellant, "for tests only for users of narcotics." [1] Appellant further alleges he was forced to sign a waiver under duress, authorizing the tests, and was given Nalline injections once or twice a week for a year prior to March 20, 1961. He characterizes this as an invasion of his privacy, and as assault and battery upon him; for which he seeks damages.

Appellant filed suit March 20, 1961. Certain defendants have never been served; but certain other served defendants filed on June 26, 1961, a motion for summary judgment and to dismiss, supported by points and authorities, various affidavits, and a complete transcript of all proceedings in the Superior Court of the State of California in and for the County of Los Angeles, including a transcript of all testimony given at appellant's trial, his probation report, etc.; together with numerous affidavits by doctors with respect to Nalline tests.

The two motions were set down for hearing on August 1, 1961, at 2:00 P.M. Under local rules of court, appellant was required to file counter-affidavits and points and authorities five days before the hearing date. This appellant, through counsel, failed to do.

Instead, he asked for two continuances of the hearing, so that he might make his required showing. These were granted him. Nothing was filed by appellant in opposition to the motions. He was notified of his default, and appellant's counsel then agreed to file such papers by September 27, 1961, five days before October 3, 1961, the date to which the hearing had been continued. This was required by local rules of court. Appellant's counsel filed nothing by September 27, 1961, nor by October 3, 1961.

On the afternoon of October 2, 1961, counsel for appellant called moving counsel by telephone, *said he would appear on October 3, 1961*, and there request a continuance of oral argument. To such oral argument he was not entitled as of right. (Local Rule 3.) He was told this delay would be resisted. He stated he had had "secretarial trouble" and had had the flu *"the week previously."*

---

1. Section 11722 of the Health and Safety Code of the State of California is not so limited to *users* of narcotics. It reads in material part:

"§ 11722. *Tests to determine use of narcotics; applicability to users on probation or parole; costs of administration; rules and regulations*

"(a) Whenever any court in this State grants probation to a person who the court has reason to believe is or has been a user of narcotics, the court may require as a condition to probation that the probationer submit to periodic tests by a city or county health officer, or by a physician and surgeon appointed by the city or county health officer with the approval of the State Division of Narcotic Enforcement, to determine, by means of the use of synthetic opiate antinarcotic in action whether the probationer is a narcotic addict.

"In any case provided for in this subdivision, the city or county health officer, or the physician and surgeon appointed by the city or county health officer with the approval of the State Division of Narcotic Enforcement, shall report the results of the tests to the probation officer."

On October 3, 1961, counsel for appellant did not appear at the hearing, but Attorney M—— appeared, stating he had been requested by Attorney R——, who had been requested by appellant's counsel, to request a continuance. No documents in opposition to the two motions were filed or offered or mentioned; nor was there anything offered in writing in support of a continuance. The court below denied the continuance and granted both motions.

On October 5, 1961, counsel for appellant filed a document entitled "Medical Affidavit."[2] It stated that on *October 4, 1961,* counsel for appellant became the signer's patient, that he was then ill, and had been suffering from influenza *two days.*

On October 13, 1961, counsel for appellant filed a motion to set aside the summary judgment granted appellee, upon the ground of inadvertence and excusable neglect. (28 U.S.C., Rule 60(b), Fed.R.Civ.P.)

The affidavit filed by appellant's counsel in support of this motion shows two things—that he at first had not prepared for the hearing because of his "vacation," and that his failure to appear "on October 5" (sic) 1961,[3] was based (a) on secretarial trouble (with two secretaries), (b) on illness, (c) on the necessity of other court appearances. Reference is made in such affidavit to "documents" which he had "intended to be filed" prior to September 27th, 1961, which were "taken from the tape-recording" on October 4, 1961, and "mailed for use on that motion." Such "documents" unless "they" are the "Medical Affidavit" filed on October 5th, 1961, do not appear in the record before us on this appeal.

We note that the order granting summary judgment and dismissing the action was filed October 3, 1961, and entered October 5, 1961. Appellant was required to file a notice of appeal within thirty days (Rule 73(a), Fed.R.Civ.P.). No appeal was filed before November 10, 1961. Thus we have no jurisdiction to hear an appeal from the final order in this case. It is true a second order was filed November 14, 1961, but no appeal was taken, or attempted to be taken, from that order.

However, appellant has also appealed from the refusal of the trial court to grant his motion to set aside the judgment, upon the grounds of excusable neglect or inadvertence. (Tr. p. 180.) This motion was dismissed November 9, 1961, and filed and entered the same day. The appeal therefrom on November 10, 1961, was timely.

The filing of the motion to set aside the final judgment upon ground of mistake or inadvertence under Rule 60 (b) (1), by its terms, "does not affect the finality of the judgment or suspend its operation." Saenz v. Kenedy, 5 Cir., 1950, 178 F.2d 417, at 419; see also, Moore's Federal Practice, ¶ 60.29, Vol. 7, p. 331, et seq. There is no showing of fraud upon the court, which might raise reasons for an exception to the language of the rule.

We consider then, as the only matter before us, the refusal of the trial court to set aside the final judgment. We are met with the general rule, agreed to by appellant that whether there exists a sufficient showing of inadvertence or

---

2. "I, the undersigned, state: that am (sic) a medical doctor, duly licensed to practice as such, and engaged in active practice, in the State of California; that on the 4th day of October, 1961, SAMUEL C. MC MORRIS, ESQ., was my patient, and was on the said day examined and treated by me; that his illness is diagnosed as influenza; that he has been suffering from the same for approximately 2 days; that the said patient was by me advised to rest generally, and in particular to rest his throat area; that he will be recovered, as is now expected, in 4 days from this date.

"Dated: October 4, 1961, at Sacramento, California. I certify under penalty of perjury the foregoing is true and correct.

"/s/ C. M. WIGFALL, M.D.
"C. M. Wigfall, M.D."

3. Tr. p. 150.

excusable neglect is purely a matter of discretion with the trial court. One case is cited by appellant on this issue. In re Riedner, 1950, E.D.Wis., 94 F.Supp. 289. It affirms the rule of the discretion of the trial judge in passing on applications under Rule 60(b); and adds that this discretion is not an arbitrary one to be capriciously exercised, but a sound legal discretion guided by accepted principles. We heartily agree. The district judge in that case then applied that rule to naturalization orders, and *denied* the motion to vacate on grounds of mistake or excusable neglect.

 Counsel for appellant here urges, as he urged below on his motion to set aside, that he has "a good case," but that the court below "believes there is no merit in the case." He also urges that in *other cases* he has been proved right by a victory in the Supreme Court, after trial judges had no faith in his position. Neither argument aids his position here. Neither fact, if true, excuses his failure to follow ordinary court procedure and rules in this case.

Counsel for appellant then states because this is an important case, he should be excused for his failure to file opposition to the motion to dismiss, and for summary judgment. He shows that illness had nothing to do with his prolonged failure to follow the rules of court. His vacation was more important to him than this "important" case. He made not the slightest attempt to reach the court, or any attache thereof, at any time prior to the hearing on October 3, 1961. He has made a showing of carelessness and lack of proper regard for his duty as an attorney and an officer of the court, and no showing of inadvertence, excusable neglect, mistake, surprise, nor any one or more of them.

The court below properly, in the exercise of its judicial discretion, granted the motions before it.[4] There was no opposition, either in writing or orally to the facts presented by appellees. Counsel for litigants, no matter how "important" their cases are, cannot themselves decide when they wish to appear, or when they will file those papers required in a law suit. Chaos would result. "Attorneys should make an attempt to conform to the rules and not try to improvise new practice." Hargraves v. Bowden, 9 Cir., 1954, 217 F.2d 839, 840. There must be some obedience to the rules of court; and some respect shown to the convenience and rights of other counsel, litigants, and the court itself.

Finding no error, we do not reach a consideration of the merits of appellant's claim. We find no abuse of discretion in the trial court's refusal to reopen.

Affirmed.

---

4. Link v. Wabash, 1962, 370 U.S. 626, 630–632, 82 S.Ct. 1386, 8 L.Ed.2d 734.