403 P.2d 685

**Lucille WOOLEY, Plaintiff-Appellee,**

**v.**

**Henry T. WICKER, Defendant-Appellant.**

**No. 7539.**

Supreme Court of New Mexico.

June 7, 1965.

---

Jay Morgan, Portales, for appellant.

Smith, Smith & Tharp, Clovis, for appellee.

MOISE, Justice.

Plaintiff brought this action seeking judgment against the defendant on account of two checks allegedly delivered to her by defendant and dishonored by the bank on which they were drawn and, in addition, for amounts claimed by her to be owing for commissions, expenses and salary arising out of two real estate sales. The action was filed on January 7, 1963 and summons was issued on the same day. The summons with return of service was filed on February 14, 1963, on which date a certificate of default was issued by the clerk and default judgment entered in the amount prayed in the complaint.

The return of service was made by one T. J. Sanders before Harvey M. Graham, Justice of the Peace, Precinct 19, Lincoln County, New Mexico, on January 16, 1963 and stated that summons and complaint in the cause were personally served on the defendant on January 14, 1963. The check sent to pay for the service was deposited by Mr. Sanders on January 17, 1963.

On February 20, 1963, six days after the default judgment was entered, defendant filed a motion asking that the judgment be set aside because on January 14, 1963, set forth as the date of service on the return, the defendant was not in Ruidoso and that in fact the summons was not delivered to him on that date but on January 21, 1963. The motion further stated that defendant delivered the complaint and summons to his attorney in Portales sometime just prior to February 1, 1963, and informed the attorney that service had been made on January 21, 1963, in which circumstances the certificate of default and judgment were prematurely entered. Defendant alleged that if he was in error concerning the date of service then the failure to timely file an answer was the result of mistake, inadvertence or excusable neglect. The motion also stated that defendant believed he had a meritorious defense to the complaint.

On September 10, 1963 a hearing was held on the motion and defendant and his

counsel both testified. At the conclusion of the hearing, the court stated as follows:

"The Complaint was filed on January 7th; summons was issued the same day, January 7, '63; endorsement on the summons shows that the—J. T. Sanders served the summons on the 14th day of January, 1963, in Lincoln County. The jurrett [jurat] on the acknowledgment certificate was dated January 16, 1963 and it is signed by the Justice of Peace of Precinct 19 in Lincoln County. Defendant's Exhibit 1, being the check in payment of the service fees, bears the stamp of the Ruidoso State Bank of January 17, 1963. The defendant did not file any answer in the case. Default was entered February 14. The default was not prematurely entered. The Defendant would ask the Court in the alternative to set aside the Certificate of Default alleging that his failure to file the answer was the result of a mistake or inadvertent or excusable neglect. Directly the question must be answered; is it mere lapse of memory as to the date of the service sufficient to set aside the Certificate of Default—that is the only proof that has been offered. The Court is of the opinion that is not sufficient grounds for setting aside a Certificate of Default; to hold otherwise would be to completely void the rules of pleadings. Anyone could come in and say that they just forgot. The motion will be overruled."

Thereafter, judgment was entered overruling the motion, and this appeal followed.

■ Although plaintiff has raised no question of the finality of the order overruling the motion so as to make it appealable under Supreme Court Rule 5 (§ 21–2–1(5), N.M.S.A.1953), we requested counsel to brief the question. This they have done. We note that several cases of such appeals have been entertained. See Adams & McGahey v. Neill, 58 N.M. 782, 276 P.2d 913, 5 A.L.R.2d 830; State Collection Bureau v. Roybal, 64 N.M. 275, 327 P.2d 337; Rogers v. Lyle Adjustment Company, 70 N.M. 209, 372 P.2d 797. We also note that the federal courts have been uniform in holding orders overruling motions under Federal Rules of Civil Procedure 60(b), which is for all practical purposes identical with our rule 60(b) (§ 21–1–1(60) (b), N.M.S.A.1953), to be final orders and appealable. See Shay v. Agricultural Stabilization and Conservation State Committee for Arizona (C.A.9, 1962) 229 F.2d 516; Sleek v. J. C. Penney Company (C.A.3, 1961) 292 F.2d 256. We conclude that the order was appealable.

■ Counsel have also briefed, at our request, the question of whether the appeal was timely under § 21–9–1, N.M.S.A.1953. Having considered the problem, we con-

clude that the section has no application in the present circumstances. Insofar as the provisions that failure by the court to rule on a motion within 30 days shall be deemed a denial thereof, application is limited to motions filed within 30 days after entry of final judgments and decrees and during which period the court retains control thereof. This is clearly stated when in the section reference is made to "motions which may have been filed *within such period*, directed against such judgment." (Emphasis added) In this connection we note that § 21-9-1, N.M.S.A.1953, specifically provides that it "shall not be construed to amend, change, alter or repeal, the provisions of sections 4227 or 4230, Code 1915." These sections are now incorporated into our rule 60(b) (§ 21-1-1(60) (b), N.M.S.A.1953) which provides that motions thereunder may be made within a reasonable time, with a one-year limitation as to some of the grounds therein specified. Although in the instant case the motion was filed within 30 days, it stands to reason that the 30-day limitation for the court to rule has no application. We do not consider anything said in Chavez v. Village of Cimarron, 65 N.M. 141, 333 P.2d 882, or in King v. McElroy, 37 N.M. 238, 21 P.2d 80, to be in conflict with what we have said herein.

We now consider whether the trial court committed reversible error in overruling defendant's motion under Rule 60(b) (§ 21-1-1(60) (b), N.M.S.A.1953) to set aside the default. It is clear from the remarks quoted above that the court did not believe defendant's testimony that the summons had not been served on January 14, 1963, as shown on the duly filed return. Defendant must accordingly, under § 21-1-1(55) (c), N.M.S.A.1953, place his entire reliance on his alternative claim that his failure to answer within thirty days after service of summons, as required by § 21-1-1(4), N.M.S.A.1953, resulted from "[m]istake, inadvertence, surprise, or excusable neglect," these being the grounds for relief provided in § 21-1-1(60) (b) (1).

There can be no question that such a motion is addressed to the sound discretion of the trial judge. Adams & McGahey v. Neill, supra. In the exercise of such discretion, the trial court "should bear in mind that default judgments are not favored and that, generally, causes should be tried on their merits * * *." Rogers v. Lyle Adjustment Company, supra. Also, we recognize that the discretion to be exercised by the trial judge is not an arbitrary or capricious one, but one guided by sound and accepted legal principles. Smith v. Stone (C.A.9, 1962) 308 F.2d 15.

Defendant directs our attention to Miller v. Carr, 116 Cal. 378, 48 P. 324, where an order refusing to vacate a default judgment was entered immediately upon expiration of the time allowed to plead. The defendant asserted the service was actually made one day later than shown by the re-

turn and that he had noted the date on the paper served and had so advised his counsel. In that case the court held that the defendant was mistaken as to the date of service, but stated that there was no question concerning the good faith of the defendant's mistake concerning the date. The court concluded that this was the kind of mistake which required the granting of relief.

Here, defendant asserted the date of service was one week later than shown by the return, and the court was clearly of the opinion the return was correct. We do not attach any significance to the difference between one day in Miller v. Carr, supra, and the six days here. However, here we find in the record of defendant's testimony, and we have read it carefully, sufficient evidence to raise a real question and doubt concerning his diligence and good faith. Although defendant asserted he was out of town on January 14, he did not know where he had been; he had made no record or notation as to his whereabouts, although he said his cancelled checks would indicate where he had been. At the same time, he presented no cancelled checks to support his statement. He made no notation on the complaint or summons as to the date of their receipt, nor did he attempt to produce the man who made the service, or the justice of the peace before whom the return was executed, to support his statements. See Watson v. Columbia Basin Development

Co., 22 Cal.App. 566, 135 P. 511, wherein the significance of comparable facts is discussed in distinguishing the case from Miller v. Carr, supra.

Under the circumstances, we think the trial judge was better situated to pass upon the good faith of defendant in claiming that he had made an honest mistake as to the date of service, or that the entry of default judgment resulted from his inadvertence or excusable neglect. The trial judge is a capable, conscientious and experienced jurist and, we are sure, recognizes fully the desirability of disposing of cases on their merits, rather than by default. The remarks of the court quoted above demonstrate his complete appreciation of this.

■ As stated by Professor Moore in his work on Federal Practice (2nd Ed.) § 60.-19: "Lack of good faith or diligence, or lack of merit in the dismissed claim or proposed defense where a default judgment is involved, and other related factors may warrant a denial of the motion for relief from the judgment."

■ Defendant's second point asserts that the complaint failed to state facts which would support relief, and that no evidence was produced, insofar as the claims for commissions, expenses and salary are concerned. No such contention was advanced before the trial court and the trial judge should not be held to have abused his discretion for failing to set aside a default

judgment on grounds never presented to him.. Compare Dal International Trading ·Company v. Sword Line, Inc. (C.A.2, 1961) 286 F.2d 523.

The question here is not addressed to the judgment entered by the court, but rath·er is directed to the court's asserted abuse of ·discretion in refusing to set the same aside. The claim now advanced does not appear to have been mentioned below when the motion was being considered. All that was ·there claimed in this connection was that defendant "verily believes that he has meri·torious defense to plaintiff's complaint." No elaboration or clarification was provided. When defendant was on the witness stand he stated only that he considered that he "might have a valid defense to the complaint." We fail to see any suggestion of the defect here asserted to the complaint and proof in support thereof if, indeed, he ·could have been heard to advance such an .argument. As specifically stated in § 21–1–1 (60) (b), supra, a motion thereunder "does not affect the finality of a judgment or suspend its operation." Claimed defects in the judgment are not before us for consideration. Neither does defendant gain by his claimed but undisclosed "valid" or "meritorious" defense. Compare, Smith v. .Stone, supra.

In the light of all the facts before the trial court as disclosed by the record, we cannot say that there was any clear abuse of discretion. Accordingly, it follows that the order appealed from should be affirmed.

It is so ordered.

CHAVEZ, NOBLE and COMPTON, JJ., concur.

CARMODY, Chief Justice (dissenting).

My disagreement with the majority is not as to the final result reached, but relates to the construction given to § 21–9–1, N.M.S.A.1953.

The pertinent part of the above section reads as follows:

" * * * Final judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty [30] days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of *any motion which may have been filed within such period, directed against: such judgment*; Provided, that if the court shall fail to rule upon such motion within thirty [30] days after the filing thereof, such failure to rule shall be deemed a denial thereof; and, Provided further, that the provisions of this section shall not be construed to amend, change, alter or repeal, the provisions

of sections 4227 or 4230, Code 1915." (Emphasis added.)

The majority states that even though the motion in this case was filed within thirty days, "it stands to reason that the thirty-day limitation for the court to rule has no application." How it can be said that "it stands to reason" is completely beyond my comprehension. The statute is plain that if any motion directed against the judgment is filed within the thirty-day period, it shall be deemed denied if the court fails to rule within thirty days after the filing of the motion. The final proviso of this section admittedly now applies to Rules 60(b) and 55 (c); but requiring a ruling of the court within thirty days after the filing of the motion, if the motion is filed within thirty days of the judgment, does not operate to amend, change, alter or repeal anything said in either of the above rules.

If the construction placed by the majority upon the section quoted is to stand, we will have a hiatus in procedures after judgment, because some motions must be ruled upon within thirty days after filing and in others there will be no limitation of time as to a ruling. This is the result of the majority's construction, which, to me, is not actually a construction, but a misconstruction and reading into the section something that is not there. By so doing, the court is today ignoring the implication and plain reasoning of the court in King v. McElroy, 1933, 37 N.M. 238, 21 P.2d 80; Garcia v. Anderson, 1937, 41 N.M. 517, 71 P.2d 686; Fairchild v. United Service Corporation, 1948, 52 N.M. 289, 197 P.2d 875; and National American Life Insurance Co. v. Baxter, 1963, 73 N.M. 94, 385 P.2d 956.

I would point out that the result which I would reach in this case is ultimately the same as that reached by the majority, because the motion having been filed on February 20, 1963, would be deemed denied thirty days thereafter, and defendant's appeal not having been timely taken under Supreme Court Rule 5, this court would have no jurisdiction to consider the same. It would follow that I would dismiss the appeal for lack of jurisdiction, rather than affirming the judgment as has been done by the majority.

I dissent.