412 P.2d 559

James **LEDBETTER**, Plaintiff-Appellant,

v.

**LANHAM CONSTRUCTION COMPANY**, Employer, and Firemen's Fund Insurance Company, Insurer, Defendants-Appellees.

No. 7754.

Supreme Court of New Mexico.

March 28, 1966.

Sheehan & Duhigg, Paul S. Cronin, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Robert D. Taichert, Albuquerque, for appellees.

MOISE, Justice.

This is a workmen's compensation case in which claimant appeals from a judgment in his favor granting ten weeks total disability payments, attorney fees and certain medical expenses. He contends that he is entitled to an additional four weeks and two days compensation, and to payment for two other doctors and a hospital bill, as well as for partial disability for traumatic neurosis.

The record discloses that upon completion of the trial the court announced his decision. Two months and twelve days passed before judgment was entered. No requests for findings of fact were filed and the court made findings of fact and conclusions of law which are incorporated in the judgment. Five days later claimant filed a "Motion to Set Aside Judgment or in Lieu Thereof to Amend Judgment," seeking thereby to add one medical bill, the hospital bill and court costs to the judgment. On the same day, plaintiff filed requested findings and conclusions of law and gave notice of appeal. The motion was not acted on, and some ninety days later an order was entered stating that it was the court's view that it had lost jurisdiction of the cause with the filing of the notice of appeal. Neither did the court act on the requested findings and conclusions.

■ ■ No purpose could possibly be served in detailing the facts of the case. The trial court acted properly in refusing to set aside its judgment as it had lost jurisdiction of the cause. Compare Mirabal v. Robert E. McKee, General Contractor, Inc., 74 N.M. 455, 394 P.2d 851.; Gillit v. Theatre Enterprises, Inc., 71 N.M. 31, 375 P.2d 580. Neither does § 21-9-1, N.M.S.A.1953, furnish any assistance to claimant. See Elwess v. Elwess, 73 N.M. 400, 389 P.2d 7. The findings as made by the trial court are conclusive here. Edington v. Alba, 74 N.M. 263, 392 P.2d 675. For the same reason, the trial court was prevented from setting aside the judgment which had been entered without being initialed by claimant's attorney, or after notice in the presence of the attorney, as provided in Rule 2 of the Rules of the Second Judicial District.

■ In addition to the foregoing, we take note that claimant in his brief has not furnished references to the transcript showing proof of facts as asserted by him, nor does he purport to state the substance of all evidence pertinent to the particular issues raised by him. Under the circumstances, we are bound by the findings as made by the trial court. Supreme Court Rule 15(6) (§ 21-2-1(15) (6), N.M.S.A.1953); Scott v. Homestake-Sapin, 72 N.M. 268, 383 P.2d 239; Davies v. Rayburn, 51 N.M. 309, 183 P.2d 615.

The claimant has not called our attention to anything in the record which impresses us that the findings made by the court are not supported by substantial evidence, or

that the judgment is not supported by the findings. The cause is accordingly affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.