423 P.2d 992

**Norman L. McLACHLAN and Albert Richard Bobbin, Plaintiffs-Appellants,**

v.

**Harry F. HILL, Donald Hill, Donald Hall and Safety Products Division, Inc., Defendants-Appellees.**

No. 8157.

Supreme Court of New Mexico.

Feb. 20, 1967.

Toulouse, Ruud, Gallagher & Walters, Robert A. Martin, Albuquerque, for appellants.

Richard C. Losh, Albuquerque, for appellees.

## OPINION

OMAN, Judge, Court of Appeals.

Plaintiffs-appellants filed suit on November 20, 1962, seeking damages for alleged fraudulent conduct on the part of defendants-appellees. On January 14, 1963, defendants filed motions to quash service of summons.

On January 22, 1963, a default judgment was entered for plaintiffs. This judgment was amended on January 31, 1963. On August 30, 1963, defendants filed a motion to vacate the default judgment on the grounds of mistake, inadvertence and excusable neglect. An order setting aside the default judgment was entered on May 21, 1964.

On September 8, 1965, plaintiffs filed a motion for a trial setting. The case was tried and judgment was entered for defendants on January 3, 1966.

Plaintiffs seek a reversal of the judgment and rely upon their claim of lack of jurisdiction in the trial court to set aside the default judgment. It is conceded that the motion to set aside the default judgment was properly and timely filed pursuant to

the provisions of Rule 60(b) of the Rules of Civil Procedure for the district courts of the State of New Mexico, being § 21–1–1(60) (b), N.M.S.A.1953.

Plaintiffs' contention is that the trial court, having failed to rule upon the motion within thirty days after the filing thereof, was without jurisdiction to thereafter enter the order vacating the default judgment, as provided by § 21–9–1, N.M.S.A.1953. They rely particularly upon the decisions of this court in King v. McElroy, 37 N.M. 238, 21 P.2d 80; Board of Com'rs of Quay County v. Wasson, 37 N.M. 503, 24 P.2d 1098; Garcia v. Anderson, 41 N.M. 517, 71 P.2d 686; Elwess v. Elwess, 73 N.M. 400, 389 P.2d 7; National American Life Ins. Co. v. Baxter, 73 N.M. 94, 385 P.2d 956; Ledbetter v. Lanham Const. Co., 76 N.M. 132, 412 P.2d 559.

None of these cases involved a default judgment, and none involved the question of the applicability to a motion to vacate a default judgment of the provision contained in § 21–9–1, N.M.S.A.1953:

"* * * that if the court shall fail to rule upon such motion within thirty [30] days after the filing thereof, such failure to rule shall be deemed a denial thereof; * * *"

This precise question was ruled upon in Wooley v. Wicker, 75 N.M. 241, 403 P.2d 685, which plaintiffs concede is contrary to the position they herein urge upon us. In that case the motion to set aside the default judgment was filed pursuant to the provisions of Rule 60(b), and we considered the applicability of the above-quoted provision contained in § 21–9–1, N.M.S.A.1953. In this regard we stated: "* * * it stands to reason that the 30-day limitation for the court to rule has no application. * * *"

We find no reason to reverse our position so stated in the Wooley case.

Finding no error, the judgment should be affirmed.

It is so ordered.

MOISE, J., concurs.

CARMODY, Justice (concurring specially).

Although I remain of the opinion that Wooley v. Wicker is erroneous (see my dissent, 75 N.M. 241, 247, 403 P.2d 685, 689), nevertheless the determination of the court in that case, that § 21–9–1, N.M.S.A. 1953, does not apply to motions under Rule 60(b), is controlling unless and until Wooley is overruled. Therefore, I concur in the result reached, that the judgment should be affirmed.