This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41797**

**JUAN SILVA,**

      Plaintiff-Appellant,

v.

**AUGUSTINE MONROY,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Court Judge**

DNA-People's Legal Services, Inc.
Anne Kathryn Woods
Farmington, NM

for Appellant

Burns Law Group, P.C.
Mitchel S. Burns
Farmington, NM

for Appellee

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}**    Plaintiff appeals from the district court's order granting Defendant's motion to dismiss. [RP 58] In this Court's notice of proposed disposition, we proposed to summarily reverse. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Unpersuaded by Defendant's MIO, we reverse.

**{2}**    In our notice of proposed disposition, we relied on *Wooley v. Wicker*, 1965-NMSC-065, ¶¶ 4-5, 75 N.M. 241, 403 P.2d 685, and suggested that the district court

erred in dismissing Plaintiff's appeal from magistrate court because the denial of a motion to set aside a default judgment was a final order and appealable. [CN 1] In his MIO, Defendant outlined procedural history that predates the district court's dismissal of the appeal but did not address our proposed disposition or assert any new facts, law, or argument that persuade us that our proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer him to our analysis therein.

**{3}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse the district court's order. To the extent Defendant is requesting in his MIO that Plaintiff post an appeal bond that request has been mooted by our disposition of this case.

**{4}     IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**