454 P.2d 268

**NEW MEXICO SAVINGS AND LOAN AS-SOCIATION, Plaintiff-Appellee,**

v.

**BLUEHER LUMBER COMPANY, Inc.,
Defendant-Appellant.**

Jack R. COURSHON, as Nominee of the Trustees of First Mortgage Investors, a Massachusetts Business Trust, Plaintiff-Appellee,

v.

MOCK HOMES, INC., Defendant,

Blueher Lumber Company, Inc.,
Defendant-Appellant.

Nos. 8711, 8712.

Supreme Court of New Mexico.

May 12, 1969.

Oliver Burton Cohen, Albuquerque, for appellant.

Ussery, Burciaga & Parrish, Albuquerque, for appellees.

OPINION

TACKETT, Justice.

Complaints in these consolidated cases Nos. A23259 and A23261 were filed in the District Court of Bernalillo County, New Mexico, on October 31, 1966, to foreclose mortgages. Defendant-appellant Blueher Lumber Company, Inc., a material lien claimant, was served with process on November 10, 1966. Answer and counterclaim were filed by Blueher on January 3, 1967, a copy of which was mailed to opposing counsel on January 13, 1967. The trial judge entered judgment in favor of plaintiffs-appellees allowing foreclosure and also allowing judgment in favor of defendant Blueher on his cross-claim, but held that Blueher's claim was inferior to the mortgage. Defendant Blueher appeals, alleging the judgment was entered before a trial was had on the merits.

The facts are briefly as follows: An order consolidating these two cases was entered on January 9, 1967, all counsel being present, in which order the court set a pre-trial conference for January 17, 1967. On January 23, 1967, a pre-trial order was entered, all counsel being present, directing that judgment be prepared in accordance therewith. On March 21, 1967, application for default judgment was filed, certifying that all counsel were mailed copies on March 13, 1967. Although designated a "default judgment," it was not in fact a "default" nor was it so considered. Judgment was entered on March 27, 1967, in favor of plaintiffs, dismissing the cross and counterclaim against plaintiffs, but allowing judgment in favor of defendant Blueher against Mock Homes, Inc., one of the other defendants. It is to be noted that counsel for defendant Blueher did not approve the judgment. Prior to the entry of the judgment, the court filed its findings of fact and conclusions of law. On April 19, 1967, defendant Blueher filed a motion to set aside the judgment and pre-trial order. After a hearing, the court entered an order of continuance directing defendant Blueher

to submit affidavits in support of evidentiary matters raised at the hearing. On June 20, 1967, plaintiffs filed a motion to vacate or modify the order of continuance. Notice was mailed to counsel for defendant Blueher, who failed to appear for the hearing held on July 7, 1967. At that time the court again continued the matter to allow defendant Blueher to submit affidavits on certain evidentiary matter and to afford Blueher an opportunity to present a bona fide defense, which he did not do in either instance. On September 26, 1967, after a hearing, the court denied the motion to set aside the judgment. Notice of appeal was filed on October 24, 1967. The foreclosure notice of sale was filed on April 7, 1967, and the forclosure proceeded to sale.

Section 21–9–1, N.M.S.A., 1953 Comp., relating to judgments and decrees, interlocutory orders and period of control over final judgments, reads as follows:

"* * * Final judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty [30] days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment; *Provided, that if the court shall fail to rule upon such motion within thirty [30] days after the filing thereof, such failure to rule shall be deemed a denial thereof*; * * *."
(Emphasis added.)

The motion on April 19, 1967, to set aside the judgment, not having been ruled upon within thirty days thereafter, was deemed denied by operation of law. National American Life Insurance Co. v. Baxter, 73 N.M. 94, 99, 385 P.2d 956 (1963); King v. McElroy, 37 N.M. 238, 21 P.2d 80 (1933). Therefore, the appeal on October 24, 1967, was not timely under Supreme Court Rule 5 (§ 21–2–1(5), N.M.S.A., 1953 Comp.).

The appeal is dismissed. It is so ordered.

MOISE and COMPTON, JJ., concur.