**In the Matter of Dennis P. DiPIETRO and Kathryn DiPietro, Debtors.**

**GRANT BUILDERS, INC., Plaintiff,**

v.

**Dennis P. DiPIETRO and Kathryn DiPietro, Defendants.**

**Bankruptcy No. 80–791, 80–792.**
**Adv. No. 80–656.**

United States Bankruptcy Court,
W. D. Pennsylvania.

June 2, 1982.

William Acker, Pittsburgh, Pa., for plaintiff.

Scott R. Calkins, Pittsburgh, Pa., for defendants.

MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is the complaint of Grant Builders, Inc., to declare a debt nondischargeable and objection to value filed in the above-captioned bankruptcy proceeding. An order was entered dismissing the complaint with preju-

**540**

dice for failure of plaintiff's counsel to appear at the time and place set for hearing. Shortly thereafter, plaintiff's counsel filed a Petition to Set Aside the Order, wherein he alleges mistake and inadvertence and requests a rescheduled hearing. The Court denies the petition for the reasons set forth below.

In its complaint, Grant Builders, Inc. alleges that it performed construction work on the debtors' residence for which it remains unpaid. Plaintiff further alleges that debtors' residence, located at 781 Bower Hill Road, Bridgeville, Pa. has a market value in excess of $40,000, rather than as set forth in Schedule B–1 of debtors' petition. Plaintiff avers the debtors' perpetration of fraud upon the Court and creditors in their failure to obtain money to finance the aforementioned obligation. Plaintiff prays for dismissal of the bankruptcy proceeding and declaration of the debt as nondischargeable.

After notice of hearing, counsel for Grant Builders, Inc. failed to appear at the time and place set for hearing. By order dated September 24, 1980, the Court dismissed the complaint of Grant Builders, Inc. to have their debt declared nondischargeable and objection to value, with prejudice.

Shortly thereafter, counsel for the plaintiff filed a Petition to Set Aside the Order of Court, wherein he alleges that while on vacation, a summons and notice of trial was sent to his office. By inadvertence or mistake, counsel failed to appear.

Subsequently, counsel for plaintiff filed an amended complaint in which it is alleged that debtors supplied a false financial statement in writing on the subject of their financial condition with the intent to deceive Grant Builders, Inc. Therefore, plaintiff argues that the claim is not dischargeable.

Rule 60(b) of the Federal Rules of Civil Procedure, as made applicable to bankruptcy proceedings by Bankruptcy Rule 924, provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect.

The general rule is that "whether there exists a sufficient showing of inadvertence or excusable neglect is purely a matter of discretion for the trial court." *Smith v. Stone*, 308 F.2d 15, 17 (9 Cir. 1962).

The Court concludes that counsel's explanation for his failure to appear is not "excusable neglect" within the meaning of Rule 60(b). Further, it is doubtful that plaintiff would have prevailed in the above action. Based on the foregoing, the petition to set aside the judgment will be denied.