988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES, for the Use and Benefit of a New York
Corporation, FISCHBACH & MOORE, Plaintiff-Appellee,
v.
LEETH CONSTRUCTION, INC., Defendant,
and
Clark R. Powell; Thomas S. Rhoades, Defendants-Appellants.
 No. 91-56142.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided Feb. 16, 1993.
 
 Appeal from the United States District Court for the Central District of California, CV-90-0046-G; Earl B. Gilliam, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants Clark R. Powell and Thomas S. Rhoades appeal the district court's denial of their motion for relief from judgment under Fed.R.Civ.P. 60(b)(1). We have jurisdiction under 28 U.S.C. § 1291 (1988), and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review the district court's denial of a motion to vacate a judgment under Rule 60(b) for an abuse of discretion. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985). "Under the abuse of discretion standard, we cannot simply substitute our judgment for that of the district court, but must be left with the definite conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors." United States v. BNS, Inc., 858 F.2d 456, 464 (9th Cir.1988). "We will reverse 'only upon a clear showing of abuse of discretion.' " Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 690 (9th Cir.1988) (quoting Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.), cert. denied, 484 U.S. 976 (1987)).
 
 
 5
 The district court's discretion is limited by three considerations:
 
 
 6
 First, since Rule 60(b) is remedial in nature, it must be liberally applied. Second, default judgments are generally disfavored and cases should be decided on their merits. Third, where defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment.
 
 
 7
 Meadows, 817 F.2d at 521 (internal citations omitted).
 
 
 8
 "A district court has the discretion to deny a Rule 60(b)(1) motion, however, if (1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." Id. "This tripartite test is disjunctive." In re Hammer, 940 F.2d 524, 526 (9th Cir.1991). Therefore, a finding that any one of these three factors is present "is sufficient to justify the district court's refusal to vacate a default judgment." Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir.1988). The appellants bear the burden of proving Rule 60(b) relief is justified. Id.
 
 II
 Merits
 
 9
 Rhoades and Powell argue the district court abused its discretion in denying their Rule 60(b)(1) motion based on their counsel's failure to oppose the motions for summary judgment. We have held that an attorney's failure to file memoranda opposing a motion for summary judgment does not constitute excusable neglect under Rule 60(b)(1). Smith v. Stone, 308 F.2d 15, 17-18 (9th Cir.1962). Rhoades and Powell have produced nothing to support a clear showing that the district court abused its discretion in denying their Rule 60(b) motion. Therefore, we affirm the district court's denial of their Rule 60(b)(1) motion.
 
 
 10
 Appellants admit they received notice of the summary judgment motion filed by Burke Company on January 7, 1991. Therefore, Rhoades and Powell had actual notice of the February 11, 1991, hearing in the Burke case. Moreover, because the Burke action was one of the several related cases consolidated by the court, Rhoades and Powell had constructive notice of the summary judgment motions in the other cases to be heard at the same February 11, 1991, hearing, including the motion filed by Fischbach & Moore. The record demonstrates the appellants had knowledge of the connection between the Burke action and the other related actions brought against them in this matter. Both Rhoades and Powell signed the "Notice of Appearance and Substitution of Attorney" filed November 1, 1990, a document which on its face referenced the consolidation of the Burke, Fischbach & Moore and other related cases. Also, the "Opposition to Bill of Costs of Various Plaintiffs" filed by Rhoades and Powell through their attorney, John P. Bruno, again referenced the Burke, Fischbach & Moore, and other related cases. Rhoades and Powell clearly were on constructive notice that they should appear in court February 11, 1991, to oppose the motions against them. See Pena, 770 F.2d at 814-15.
 
 
 11
 We have looked carefully at the identical declarations of Powell and Rhoades filed in support of their Rule 60(b) motion to set aside the judgments, and we conclude that the declarations fall short of establishing abandonment by their attorney, John Bruno. All the declarations indicate is that Mr. Bruno did not communicate with the appellants between December, 1990, and March, 1991. This alleged lack of communication is not explained. Moreover, the declarations contain no information concerning the substance of the communication that implicitly occurred during March, 1991. Although uncommunicated abandonment by an attorney might render excusable the neglect of the client in appearing at scheduled meetings, these declarations do not establish such a claim.
 
 
 12
 Rhoades and Powell were on notice of the default judgments entered against them at least by April 9, 1991, the date of Powell's debtor examination. Despite this notice, neither Powell nor Rhoades filed for relief until June 7, 1991, two months after receiving notice. This delay, coupled with the appellants' consistent failure to respond to court orders throughout this action, is consistent with our conclusion that the appellant's culpable conduct led to the district court's granting of summary judgment.
 
 
 13
 We are aware "justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney," United States v. Moradi, 673 F.2d 725, 728 (4th Cir.1982), but we do not find appellants Rhoades and Powell blameless in this case. The district court was well within its discretion to deny the appellants' Rule 60(b) motion for relief from the summary judgment entered February 11, 1991.[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At oral argument, Fischbach & Moore questioned the failure of the notice of appeal to provide sufficient notice to the other plaintiffs in cases consolidated with Fischbach & Moore's case in the district court. Upon review of the notice of appeal dated August 5, 1991, we conclude Rhoades and Powell appealed the district court's denial of their Rule 60(b) motion only in the case brought by Fischbach & Moore, No. CV-90-0046-G. The district court's rulings in the other related cases were not appealed in this particular notice of appeal